1
2
3
4
5
6
7
8
9
10
11
12
13

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON AARON FEICHTMANN, <br><br>     Plaintiff, <br><br>   v. <br><br> FCA US LLC, et al., <br><br>     Defendants. | Case No.  5:20-cv-01790-EJD <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Re: Dkt. No. 12 |

Plaintiff Jason Aaron Feichtmann ("Plaintiff") initiated this suit in state court against Defendants FCA US LLC ("FCA") and South County Chrysler-Jeep-Dodge ("SC") asserting claims for breach of implied and express warranties under California's Song-Beverly Consumer Warranty Act, fraud, and negligent repair.  FCA removed the action to federal court pursuant to 28 U.S.C. §§1332, 1441 and 1446 based on diversity of citizenship.  Pending before the Court is Plaintiff's motion to remand.  Plaintiff contends that removal was improper because FCA has not met its burden of showing that complete diversity exists and that the amount in controversy exceeds $75,000.  FCA opposes the motion, asserting that there exists complete diversity because SC is a sham defendant whose citizenship should be ignored and that Plaintiff's Complaint alleges an amount in controversy in excess of the jurisdictional limit.  The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the motion will be granted.

## I.    BACKGROUND

Plaintiff is a resident of Santa Clara County, California.  Compl. ¶ 2.  Defendant FCA is a

United States District Court
Northern District of California

1   Delaware corporation and registered to conduct business in California.  *Id.* ¶ 4.  SC is a California

2   corporation located in Santa Clara County that is in the business of selling automobiles and

3   automobile components.  *Id.* ¶ 5.  SC also services and repairs automobiles.  *Id.*

4        In August of 2016, Plaintiff purchased a 2016 Jeep Cherokee vehicle  ("Vehicle")

5   manufactured by FCA.  Compl. ¶ 8.  Plaintiff received an express written warranty with the

6   purchase.  *Id.*  During the warranty period, the Vehicle "contained or developed a multitude of

7   defects including but not limited to, defects related to the electrical system; defects causing the

8   FOB key to fail; defects causing the rear hatch lock to be inoperable; defects causing the Vehicle

9   to jolt forward when shifting; defects requiring the transmission control module ("TCM") and/or

10  powertrain control module ("PCM") to be updated; defects causing the Vehicle to jerk; defects

11  causing the failure and/or replacement of a plug and coil; defects causing the illumination of the

12  service shifter message; defects causing the illumination of all of the park-reverse-neutral-drive-

13  low (PRNDL) (aka gear selector) lights; defects causing the storage of Diagnostic Trouble Codes

14  ("DTC") P1C86-1D and/or U1465; defects requiring the performance of Technical Service

15  Bulletin ("TSB") 08-054-18; defects causing the failure and/or replacement of the PRNDL bezel

16  and/or jumper harness; defects causing gear slip upon acceleration; defects causing harsh shifts;

17  defects causing rough running; defects requiring performance of a valve body solenoid re-learn;

18  defects causing the Vehicle to chug; defects causing a failure to shift; defects causing the

19  illumination of change to park message; defects causing a failure to start; defects causing low oil

20  level; and/or any other defects described in the Vehicle's repair history."  *Id.* ¶ 10.  Plaintiff

21  delivered the Vehicle to SC for repair; but it has not been serviced or repaired to conform to the

22  applicable express warranties.  *Id.* ¶¶ 124, 166.  This suit followed.  Plaintiff lists the following in

23  the prayer for relief: (a) actual damages; (b) restitution; (c) civil penalties in the amount of two

24  times Plaintiff's actual damages pursuant to California Civil Code section 1794;  (d) consequential

25  and incidental damages; (e) costs of suit and reasonable attorneys' fees; (f) rescission of the

26  purchase contract and/or restitution of all monies expended (g) rescission of the purchase contract

27  under California Civil Code section 1692; (h) prejudgment interest; (i) punitive damages; and (j)

28  Case No.: 5:20-cv-01790-EJD
ORDER GRANTING MOTION TO REMAND

such other relief as the court may deem proper.  *Id.* at 31.

## II.    STANDARDS

Defendants may remove a case to a federal court when a case originally filed in state court presents a federal question or is between citizens of different states.  *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453.  Only state court actions that originally could have been filed in federal court may be removed.  28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions with diverse parties and where the amount in controversy exceeds $75,000.

The party seeking removal bears the burden of establishing jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The Court strictly construes the removal statute against removal jurisdiction. *Id.*  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  Indeed, federal courts are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566).

## III.    DISCUSSION

Plaintiff contends that FCA has not carried its burden of establishing that the amount in controversy exceeds $75,000 and that complete diversity exists.  The Court agrees that the amount in controversy is not satisfied, and therefore the Court need not consider whether complete diversity exists.

### A.    Amount in Controversy

If a defendant removes a case from state court to federal court, the defendant bears the burden of proving that the amount in controversy is satisfied.  *See Chajon v. Ford Motor Co.*, No. 18-10533 RGK, 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019).  The allegations in the complaint dictate the defendant's burden.  When a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, the amount in controversy requirement is presumptively satisfied unless it appears to a "legal certainty" that the

United States District Court
Northern District of California

plaintiff cannot actually recover that amount.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996); *see also Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 755–56 (E.D. Mich. 1990) (noting that when a complaint is originally filed in state court, it is highly unlikely that the plaintiff inflated her damages solely to obtain federal jurisdiction).  In contrast, if a plaintiff's state-court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a "preponderance of the evidence" that it is "more likely than not" that the amount in controversy exceeds $75,000.  *See Sanchez*, 102 F.3d at 404; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

### 1.  Legal Certainty Test

By FCA's calculation, the amount in controversy exceeds $75,000 because Plaintiff seeks not less than $25,001 in damages plus a civil penalty equal to twice these damages pursuant to California Civil Code section 1794 (*i.e.* $50,002), as well as punitive damages and approximately $35,000 in attorneys' fees.  Notice of Removal (Dkt. No. 1).  As support, FCA cites primarily to *Bernstein v. BMW of N. Am., LLC*, No. 18-1801 JSC, 2018 WL 2210683 (N.D. Cal. May 15, 2018) and *McDonald v. BMW of N. Am., LLC*, No. 17-2011 CAB, 2017 WL 5843385 (S.D. Cal. Nov. 28, 2017).  Each case, however, is distinguishable.  In *Bernstein*, the complaint alleged that "[t]he amount in controversy *exceeds* twenty-five thousand dollars ($25,000), *exclusive* of interest and costs . . . . [and] Plaintiff seeks damages . . . for incidental, consequential, exemplary, and actual damages."  2018 WL 2210683 at *2 (first emphasis added).  Likewise, in *McDonald*, the complaint alleged that the plaintiff's damages "exceed[ed] $25,000" and prayed for "actual damages, statutory penalties of two times actual damages, attorney's fees and punitive damages." 2017 WL 5843385 at *1.

Here, however, the Complaint alleges that Plaintiff suffered damages "in a sum to be proven at trial in an amount that is *not less than* $25,001.00."  Compl. ¶ 11(emphasis added).  In the Complaint's prayer for relief, however, no mention is made of a total dollar amount in controversy.  Hence, although there are various items listed in the prayer for relief (*i.e.* restitution, civil penalties, costs of suit, attorneys' fees, and punitive damages), it is unclear whether these

United States District Court
Northern District of California

items are subsumed within the $25,001.00 figure.  *Compare id.* (stating that Plaintiff suffered "*damages*"), *with Bernstein*, 2018 WL 2210683 at *2 (plaintiff claimed the amount in controversy exceeded $25,000 and sought actual, incidental, and exemplary damages "in addition" to the $25,000).

FCA argues that Plaintiff's "damages" in paragraph 11 of the Complaint cannot reasonably be read to include civil penalties, and that when damages and civil penalties are combined ($25,001.00 plus civil penalties of $50,002), the jurisdictional requirement is satisfied.  Although damages and civil penalties are distinct, it is not clear in the instant case what Plaintiff means by "damages."  This is because in paragraph 11 of the Complaint, Plaintiff alleges that he suffered "damages" in an "amount that is not less than $25,001.00," whereas in the prayer for damages Plaintiff lists "actual damages" as a separate line item from "civil penalty."  Moreover, in the Motion For Remand, Plaintiff clarifies that the "damages" allegation in the Complaint refers collectively to actual damages and civil penalties.  Pl.'s Motion at 5.  In other words, Plaintiff is alleging that his actual damages and penalties together are at least $25,001.00.  *Id.*  In the absence of any contradictory allegations in the Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents the combined total of actual damages and civil penalties.  The Ninth Circuit requires this Court to resolve "any doubt about the right of removal . . . in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see also Steeg v. Ford Motor Company*, No. 19-5833 LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) ("Because Defendants have not provided a basis for the Court to interpret 'damages' to mean 'actual damages,' the Court must resolve this ambiguous allegation in favor of remand."); *but see Covarrubias v. Ford Motor Company*, No. 19-1832 EMC, 2019 WL 2866046, at *6 (N.D. Cal. Jul. 3, 2019) (rejecting Plaintiff's explanation that the $25,001 figure represented the combined total of actual damages and civil penalties because the explanation was contradicted by plaintiff's other allegations).

Because the amount in controversy is unclear from the face of Plaintiff's Complaint, the Court must determine if Defendants have shown by a preponderance of the evidence that the

United States District Court
Northern District of California

United States District Court
Northern District of California

amount in controversy exceeds $75,000.  *See Guglielmino*, 506 F.3d at 699; *see also Gaus*, 980

F.2d at 566 (noting that removal jurisdiction must be strictly construed against removal).

### 2.    Preponderance of the Evidence Test

Because FCA has only established that the Complaint alleges $25,001.01 in controversy,

FCA must establish by a preponderance of evidence that at least an additional $50,000 is in

controversy.  The only evidence submitted by FCA pertains to Plaintiff's request for attorneys'

fees.

Courts must include future attorneys' fees recoverable by statute or contract when

assessing whether the amount-in-controversy requirement is met.  *Fritsch v. Swift Transp. Co. of

Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The "mere futurity" of attorneys' fees and costs does

not preclude them from being part of the amount in controversy.  *Id*. (*quoting Chavez v. JP

Morgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018)); *but see Chajon*, 2019 WL 994019 at *2

(holding that prospective attorneys' fees were too speculative to be included in the amount in

controversy).  Thus, if the law entitles the plaintiff to future attorneys' fees, then the removing

defendant may attempt to prove that such fees satisfy the amount-in-controversy requirement.

*Fritsch*, 899 F.3d at 794.

Here, FCA filed counsel's declaration which states in pertinent part, "it is not uncommon,

and in fact quite regular, for attorney's fee and cost awards (or resolutions through informal

discussions with opposing counsel) to exceed $100,000" in cases such as Plaintiff's, and that "[a]t

minimum, . . . claims for attorneys' fees through litigation are typically at least $35,000.00."

Decl. of John D. Universal ¶ 6 (Dkt. No. 6).  Plaintiff contends that the declaration is not

supported by any evidence, and therefore FCA's estimates of attorneys' fees should not be

included in the amount in controversy.  Pl.'s Reply at 10.  The Court agrees with Plaintiff; the

declaration lacks any evidentiary support.  FCA fails to offer any information about what a

"regular" case might be and instead asks this Court to assume that counsel's $100,000 estimate

would hold true in the instant case.  The Court will not engage in such conjecture.  *Steeg*, 2020

WL 2121508, at *5 (rejecting counsel's declaration that "it is not uncommon, and [is] in fact quite

regular, for attorneys' fees and cost awards ... to exceed $50,000."); *Schneider v. Ford Motor Company*, No. 19-5545 EJD, 2020 WL 991531, at *3 (N.D. Cal. Mar. 2, 2020) (same).  Because FCA fails to provide the Court with specific evidence showing that the attorneys' fees in this case are "more likely than not" to exceed $75,000, attorneys' fees cannot be used to satisfy the amount-in-controversy requirement.

## IV.    CONCLUSION

This Lemon Law case belongs in state court because FCA has not shown that the amount in controversy satisfies the federal jurisdictional threshold.  Plaintiff's motion to remand is GRANTED.  The Clerk of Court is directed to remand this action to Santa Clara County Superior Court and to close the file.

**IT IS SO ORDERED.**

Dated:  June 18, 2020

EDWARD J. DAVILA
United States District Judge